**UNITED STATES COURT OF APPEALS FOR THE SECOND CIRCUIT**

Thurgood Marshall U.S. Courthouse  40 Foley Square, New York, NY 10007 Telephone: 212-857-8500

MOTION INFORMATION STATEMENT

**Docket Number(s):** _____   _____Caption [use short title]_____

**Motion for:** _____
_____
_____

Set forth below precise, complete statement of relief sought:

_____
_____
_____
_____
_____
_____

**MOVING PARTY:**_____  **OPPOSING PARTY:**_____

  ___Plaintiff          ___Defendant

  ___Appellant/Petitioner    ___Appellee/Respondent

**MOVING ATTORNEY:**_____ **OPPOSING ATTORNEY:**_____

[name of attorney, with firm, address, phone number and e-mail]

_____   _____
_____   _____
_____   _____

Court- Judge/ Agency appealed from: _____

**Please check appropriate boxes:**                    **FOR EMERGENCY MOTIONS, MOTIONS FOR STAYS AND INJUCTIONS PENDING APPEAL:**

Has movant notified opposing counsel (required by Local Rule 27.1):   Has this request for relief been made below?    ___Yes ___No
  ___Yes  ___No (explain):_____     Has this relief been previously sought in this court?  ___Yes ___No
  _____           Requested return date and explanation of emergency:  _____
                                                    _____
Opposing counsel's position on motion:               _____
  ___Unopposed ___Opposed ___Don't Know             _____
Does opposing counsel intend to file a response:     _____
  ___Yes  ___No  ___Don't Know


Is oral argument on motion requested?    ___Yes ___No (requests for oral argument will not necessarily be granted)

Has argument date of appeal been set?    ___ Yes ___No If yes, enter date:_____

**Signature of Moving Attorney:**

_____**Date:**_____ Service by: ___CM/ECF  ___Other [Attach proof of service]


**Form T-1080** (rev.12-13)

UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT

| | |
|---|---|
| JEFFREY SIMPSON, | Case #25-2388 |
| Appellant, | Appeal from |
| - v - | Case #25-04004 (JMF/JAV) |
| JARED CHASSEN et al., | |
| Appellees. | |

# EMERGENCY MOTION TO EXTEND TIME TO FILE APPELLANT'S BRIEF AND APPENDIX, AND FOR INTERIM RELIEF TO PREVENT AUTOMATIC DISMISSAL PENDING DETERMINATION

Benjamin Robert Rajotte, Esq., counsel to Appellant Jeffrey Simpson, respectfully moves under Federal Rule of Appellate Procedure 27 and Local Rule 27.1 for an Order: (1) extending the deadline to file Appellant's opening brief and appendix, currently due January 15, 2026; and (2) directing that the appeal not be dismissed while this Emergency Motion is pending and disposed of.

## I. BASIS FOR EMERGENCY REQUEST

On November 3, 2025, the Court ordered that Appellant's brief must be filed on or before January 15, 2026, and that the appeal will be dismissed if the brief is not filed by that date. For this reason, undersigned counsel respectfully requests

emergency consideration and interim protection, in the Court's discretion, to avoid dismissal while this motion is under submission.

This appeal concerns Mr. Simpson in his personal capacity, individually and derivatively as Managing Member of JJ Arch LLC. It arises from an award of attorneys' fees in connection with the remand of the underlying District Court case, Case #25-04004, to the New York Supreme Court, in *Simpson v. Chassen*, Index #158055/2023 (Sup. Ct. N.Y. County, Comm. Div. 2023).

This appeal is not on behalf of co-plaintiff JJ Arch LLC ("JJ Arch") in that case. Rather, undersigned counsel is in the process of seeking to withdraw from representing Mr. Simpson, individually and derivatively, in the underlying Supreme Court action, and two related actions also before the Supreme Court. In *Chassen v. Simpson*, Index #654928/2024 (Sup. Ct. N.Y. County, Comm. Div. 2024) and *Great Am. Ins. Co. v. Arch Real Estate Holdings LLC*, Index #653208/2024 (Sup. Ct. N.Y. County, Comm. Div. 2024).

The basis for this extension request stems from developments in that underlying representation which make continued representation in this appeal impracticable absent a short transition period to temporary limited-scope representation and/or new counsel to represent Mr. Simpson in his personal capacity should directors' and officers' insurance funds become available in the interpleader action, Index #653208/2024.

## II. EXTRAORDINARY CIRCUMSTANCE

Over the past approximately three weeks, communication with Appellant has become materially impaired and the attorney-client relationship has deteriorated to the point that continued representation of Mr. Simpson individually or derivatively is not feasible–particularly at the same time that the undersigned counsel is representing JJ Arch as well, and given that this appeal stems from the same State Court action in which the undersigned is in the process of seeking to withdraw from representing Mr. Simpson on the same basis, in *Simpson v. Chassen*, *supra*.

With respect to the undersigned's representation of Mr. Simpson in the State Court actions, New York Rule of Professional Conduct 1.16 provides mandatory withdrawal where "the lawyer is discharged," and permits withdrawal where, among other grounds, (a) "the client insists upon taking action with which the lawyer has a fundamental disagreement," (b) the representation has been rendered "unreasonably difficult," (c) "the client knowingly and freely assents to termination," as is expressly the case here, and (d) for other good cause.

Specifically, this issue manifested concretely on Friday, January 9, 2026, when Justice Joel M. Cohen, J.S.C. requested the undersigned's clarification upon notifying the parties that Mr. Simpson emailed the Court "indicating that he is no longer represented by counsel of record [Maiden Lane] and that he wishes to represent himself in this and other related actions." (NYSCEF Dkt. #2225.)

Additionally, on that day, Mr. Simpson informed the undersigned that he had filed three new *pro se* civil-rights actions, pursuant to 42 U.S.C. § 1983, in the Southern District of New York naming Justice Cohen and the New York State Unified Court System, and other parties, as defendants. The cases are captioned *Simpson v. Cohen* and are cited as follows: 1:26-cv-00110 (LTS) (S.D.N.Y. Jan. 3, 2026); 1:26-cv-00130 (LTS) (S.D.N.Y. Jan. 5, 2026); and 1:26-cv-00193 (UA) (S.D.N.Y. Jan. 8, 2026). Undersigned counsel did not advise filing these actions.

These filings point to a further, more fundamental conflict of interest in the undersigned's continuing representation of both Mr. Simpson and JJ Arch. Although JJ Arch is not part of this appeal, the undersigned represents both parties in the State Court action before Justice Cohen (Index #158055/2023) from which the removal originated in the instant District Court action that is the subject of this appeal (Case #25-04004). In the underlying District Court case, in requesting an extension of time to respond to subpoenas against Mr. Simpson and his wife, Yael Simpson, approximately three weeks ago, the undersigned stated:

> My client has not made a good presentation of himself. That is acknowledged…. Client disagreements animate the structural conflict of interest. More importantly, there is a connected access to justice and "who is the client" issue if their identities are merged….

(Case #25-04004, ECF Dkt. #59.) At this point in the representation, however, it has become wholly untenable to represent both clients simultaneously, as the

- 4 -

current personal *pro se* advocacy risks further conflating their identities. It should be noted that JJ Arch consists of three other members, including two nonparties.

The undersigned is in the process of preparing a motion to withdraw from representing Mr. Simpson individually and derivatively, for the Supreme Court's consideration in the original case on removal, while remaining on as counsel for JJ Arch until such time as new counsel is procured following the interpleader process. Relatedly, a cross-motion meant to preserve Mr. Simpson's and JJ Arch's rights in the interpleader action (Index #653208/2024) will be filed shortly afterward.

### III. REQUESTED EXTENSION

An extension of forty-five (45) days is respectfully requested, on or before March 2, 2026, or such other date as the Court deems appropriate for filing of the opening brief and appendix. At this time, the undersigned counsel is not seeking withdrawal from this matter. The issue turns on the conflict in representing both parties in related actions and the breakdown in attorney-client communication, and client trust in the attorney's performance of services.

For this appeal, however, unless and until Mr. Simpson is successful in retaining new counsel, which is unlikely within the time period of the extension, that the undersigned would continue to represent him for purpose of preparing the brief and appendix and appearing at oral argument, should the Court allow. The breakdown in communication that the withdrawal from personal representation in

the Supreme Court is meant to ameliorate has hindered representation in all other matters including this appeal. Both attorney and client are aligned in this goal, however it would strongly benefit from additional time in which personal representation is singularly focused on the objective of perfecting this appeal and responding to the subpoenas in the underlying District Court action. In both instances, prejudice to the client would result from a withdrawal at this time, however more time is necessary to realign the relationship for this purpose.

Because the Scheduling Order provides for dismissal effective January 15, 2026 if the brief is not filed, and because the Order states that the motion itself will not toll the filing date, the undersigned additionally requests that the Court stay the automatic dismissal pending determination of this Emergency Motion and, if granted, until the new deadline as may be determined by the Court.

### IV. LOCAL RULE 27.1(B) AND (D)(1) COMPLIANCE

No counsel for Appellees has filed a valid Acknowledgment and Notice of Appearance in this Court to date. Out of an abundance of caution and consistent with Local Rules 27.1(b) and (d)(1), the undersigned provided advance notice of the intent to file this Emergency Motion to counsel of record for both AREH and Mr. Chassen on January 12, 2026, and has served this motion on Appellees pursuant to Federal Rule of Appellate Procedure 25(b) immediately prior to its filing. Since providing notice, no objection or other response has been received.

## V. CONCLUSION

For the foregoing reasons, undersigned counsel respectfully requests that the Court extend the appendix and brief filing deadline and stay automatic dismissal pending decision and through the extended deadline if so ordered by the Court.

Respectfully submitted,

Dated: January 14, 2026
       Hartford County, Connecticut

MAIDEN LANE LAW GROUP

_____
Benjamin Robert Rajotte, Esq.
One Maiden Lane, Suite 900
New York, New York 10038
(212) 463-6669 | rajb@mllg.nyc

*Attorneys for Jeffrey Simpson*